**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.   **GERRI´ YVONNE HOUSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIV-17- 1193-R |
| | ) | |
| 1.   **DVA RENAL HEALTHCARE, INC.** | ) | |
|      **D/B/A DAVITA,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | **Attorney Lien Claimed** |

### COMPLAINT

**COMES NOW** the Plaintiff, Gerri´ Yvonne House, and for her Complaint in the above-entitled action, alleges and states as follows:

### PARTIES

1. Plaintiff, Gerri´ Yvonne House, is an adult female who at all times relevant hereto was a resident of Oklahoma County, Oklahoma.

2. Defendant, DVA Healthcare, Inc. d/b/a DaVita, is an entity doing business in and around Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendant based on claims of race discrimination and retaliation in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5(f)(1)).

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

1

5. All of the claims complained of herein occurred in or around Oklahoma County, Oklahoma. Defendant is doing business in such county. Oklahoma County is located within the Western District of the United States District Court of Oklahoma, wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6. Plaintiff has exhausted her administrative remedies. She filed an EEOC Charge of Discrimination on or about April 11, 2017. The EEOC issued a Notice of Right to Sue dated on or about September 12, 2017, which Plaintiff received thereafter by mail. She has timely filed her Complaint within ninety (90) days from her receipt of the same.

## STATEMENT OF FACTS

7. Plaintiff, a Black female, began her employment with Defendant in or around April 2012, as a Patient Care Technician.

8. Plaintiff was hired by Registered Nurse ("RN") Natalie (Last Name Unknown) and initially worked at Defendant's dialysis center located at 319 S.W. 59th Street, Oklahoma City, Oklahoma. After approximately three (3) years, Plaintiff then transferred to Defendant's dialysis center located at 925 N.E. 8th Street, Oklahoma City, Oklahoma, where she worked for the remainder of her employment.

9. Throughout her employment, Plaintiff satisfactorily performed her job. Within approximately eighteen (18) months, Plaintiff received two promotions, first to a Certified Clinical Hemodialysis Technician ("CCHT") I position, and then to a CCHT II position. Plaintiff also received merit pay increases. And, she did not receive any discipline until her

wrongful termination.

10. Despite her good work performance, Plaintiff was terminated from her employment on or about March 14, 2017 – approximately two (2) months after she complained that she was being treated less favorably than her similarly situated non-Black co-workers.

11. More particularly, since in or around 2015, Plaintiff routinely asked that she be allowed to complete Preceptor training, allowing her to promote to a CCHT III position. Throughout this time, however, Plaintiff was routinely told that Group Facility Manager Ruby Brickmore, who is White, would not allow Plaintiff to complete such training and that there was no need for an additional CCHT III.

12. Despite this, in or around January 2017, Plaintiff learned from Lead Technician/CCHT III Anya Broom that one of Plaintiff's less-tenured, less-qualified co-workers, CCHT I Michelle (Last Name Unknown), who is White, was scheduled to complete Preceptor training, so as to allow Michelle to be promoted to a CCHT III position.

13. Upon learning this, Plaintiff complained to Facility Administrator Lori Danker, who is White, that Plaintiff felt she was being overlooked for training and promotion in favor of Michelle, who is White.

14. In or around February 2017, Danker cut Plaintiff's work hours, giving Plaintiff's work hours to another of Plaintiff's co-workers, Tara (Last Name Unknown), who is White.

15. Danker then fired Plaintiff on or about March 14, 2017. Danker told Plaintiff the reason for her termination was that Plaintiff allegedly engaged in an altercation with one of her co-workers, Jamella Bell, or about March 4, 2017. However, the claimed reason for Plaintiff's termination is pretext.

16. On or about March 4, 2017, Plaintiff was attempting to assist Bell in preparing their work area for patients. Bell angrily stated that she did not need Plaintiff's help. Plaintiff attempted to de-escalate the situation, telling Bell that she felt they were a team, but that she did not want to argue with Bell. Despite this, Bell continued loudly grumbling at Plaintiff, whereupon Lead Technician/CCHT III Broom interceded, grabbing Bell by the arm and walking Bell to the front of the center.

17. At no time did Plaintiff curse or swear at Bell. By contrast, however, multiple non-Black employees have actually engaged in verbal altercations, loudly cursing in front of patients, yet they have not been terminated or otherwise disciplined.

18. By way of example, approximately two (2) weeks before Plaintiff was fired, Licensed Practical Nurse ("LPN") Cassidy (Last Name Unknown), who is White, yelled at RN Gabby (Last Name Unknown), telling Gabby that she was not "going to do her f***ing work for her." Yet, Cassidy was not terminated or otherwise disciplined.

19. Moreover, upon information and belief, Defendant has a progressive disciplinary policy in place, which was not followed in terminating Plaintiff.

20. As a direct and proximate result of Defendant's actions, Plaintiff has suffered

injuries described below.

## COUNT I: 42 U.S.C. § 1981

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

21. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination and retaliation.

22. Plaintiff is entitled to relief for race discrimination because Plaintiff is Black; she was qualified for her job; she suffered adverse actions, in that, she was denied training and promotion to a CCHT III position and she was fired; Plaintiff's non-Black co-worker(s) were given training and promotion(s); and Plaintiff's position was not eliminated.

23. Plaintiff is also entitled to relief for retaliation because Plaintiff engaged in protected opposition to race discrimination; she suffered adverse actions subsequent to the protected activity; and a causal link exists between the protected activity and the adverse actions.

24. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

25. Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT II: Title VII

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

26. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of race discrimination.

27. Plaintiff is entitled to relief for race discrimination because Plaintiff is Black; she was qualified to perform her job; she suffered adverse actions, in that, she was denied training and promotion to a CCHT III position and she was fired; Plaintiff's non-Black co-worker(s) were given training and promotion(s); and Plaintiff's position was not eliminated.

28. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

29. Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendant and assess compensatory damages including but not limited to backpay, future wages and other compensatory damages, together with pre- and post-judgment interest, costs, attorney's fees, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

**RESPECTFULLY SUBMITTED THIS <u>6th</u> DAY OF NOVEMBER, 2017.**

<u>s/Jana B. Leonard</u>
JANA B. LEONARD, OBA# 17844
SHANNON C. HAUPT, OBA # 18922
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800      (telephone)
(405) 239-3801      (facsimile)
leonardjb@leonardlaw.net
haupts@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED